DANIEL J. BERGESON, Bar No. 105439
dbergeson@be-law.com
MARK E. FOSTER, Bar No. 101698
mfoster@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Defendant
BRONDELL INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>HELLER EHRMAN LLP,<br><br>                Debtor.<br><br>HELLER EHRMAN LLP,<br><br>                Debtor in Possession,<br><br>   vs.<br><br>BRONDELL INC, a California Corporation; and DOES 1 to 10, inclusive,<br><br>                Defendant. | Chapter: 11<br><br>Case No. 08-32514<br><br>Adversary Proceeding No.: 09-3181<br><br>**JOINT DISCOVERY PLAN** |

       Pursuant to Civil L.R. 16-9(a), the parties to the above entitled action certify that they met and conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure, on February 4, 2010, and subsequently, by telephone conference, to discuss the preparation of a joint discovery plan. Accordingly, the parties to the above-entitled action submit this Joint [Proposed] Discovery Plan.

- 1 -

**1. Facts:**

**Plaintiff's Statement:**

Debtor In Possession HELLER EHRMAN LLP ("Heller") is, and at all times relevant hereto was, a California limited liability partnership (law firm). Defendant Brondell, Inc. ("Brondell") through its representative, engaged Heller to perform legal services and incur costs on its behalf at agreed-upon hourly rates. Defendant in turn agreed to pay for those services and costs as billed. Heller Ehrman and defendant entered into an agreement in writing on or about July 21, 2004, with respect to said legal services and costs. Heller Ehrman has provided services to defendant and incurred costs on its behalf, for which regular bills were tendered to defendant for payment. Defendant has failed to make payment on the bills tendered to it by Heller Ehrman in the principal amount of $106,253.65.

Heller acknowledges that the parties had an understanding—limited to the initial corporate work only—that Heller would not immediately press Brondell for payment under the engagement agreement while Brondell was seeking financing. Brondell did, in fact, receive the contemplated financing a short time later, but only made a partial payment to Heller. This accommodation never applied to the intellectual property work Heller performed.

**Defendant's Statement:**

Defendant Brondell is a developer of innovative, quality bathroom products that are ecologically friendly and designed for hygienic and personal comfort. Despite efforts by management, Defendant has been unable to achieve profitability and currently carries a combined debt and accounts payable amount of some $1.551 million on its balance sheet. Defendant carries some $2.923 million of losses on its books. During FY 2009 Defendant lost some $295,000 in its operations.

Defendant concedes that legal work was performed by Heller and Venture Law Group on behalf of Defendant. However, Defendant contests the claim that any amounts are due to be paid to Plaintiff. Defendant asserts that an agreement was in place between Defendant and partners at

Heller whereby Defendant was not required to remit payment for legal services until such time as Defendant successfully closed on a financing round for sale of stock in Defendant to outside investors, at which time the fees for legal services then owing would be paid. Defendant asserts that no such financing round has closed to date.

**2.      Legal Issues:**

**Plaintiff's Statement:**

Heller asserts that Brondell is liable for the full amount of the unpaid bills, plus simple interest at the legal rate of ten percent per annum. Heller asserts 1) that the understanding that Heller would not immediately press Brondell for payment under the engagement agreement while Brondell temporarily sought further financing only applied to the initial corporate work Heller performed, not any of the intellectual property work, 2) it was not an agreement to allow Brondell to defer payment past such financing, and 3) Brondell did, in fact, receive the contemplated financing, but only paid a portion of the invoices. Thus all the unpaid invoices are due and owing.

Heller acknowledges that the parties had an understanding—limited to the initial corporate work only—that Heller would not immediately press Brondell for payment under the engagement agreement while Brondell was seeking financing. Brondell did, in fact, receive the contemplated financing a short time later, but only made a partial payment to Heller. This accommodation never applied to the intellectual property work Heller performed.

**Defendant's Statement:**

Defendant contests that any amounts are due or payable to Plaintiff. Defendant further asserts affirmative defenses as follows. Heller's claims should be dismissed for failure to state a claim upon which relief can be granted. Heller's claims are barred, in whole or in part, by the equitable doctrine of waiver. Heller's claims are barred, in whole or in part, by equitable doctrine of estoppel. Heller's claims are barred, in whole or in part, by equitable doctrine or laches.

1 | Heller's claims are barred, in whole or in part, by the statute of limitations. Heller's claims are
2 | barred, in whole or in part, by Heller's negligence and/or breach of contract.

**3. Amendment of Pleadings:**

The parties do not currently expect to seek amendment to any pleading and agree on a deadline of April 19, 2010 for any amendments.

**4. Evidence Preservation:**

**Plaintiff's Statement:**

Heller sent virtually all of paper records relating to Brondell to successor counsel at Brondell's request in November 2008. Only the engagement letter was retained in paper form. Heller has searched its electronic database and saved all electronic documents and email related to Brondell on to a single CD-ROM disc. Heller has not intentionally destroyed any documents or evidence relevant to this matter and is not currently aware of any documents or evidence relevant to this matter which have been inadvertently lost or destroyed.

**Defendant's Statement:**

Defendant has searched its files, both electronic and hard media, and has assembled and printed in hard copy all e-mails and other written communications which relate to this matter. Defendant has not intentionally destroyed any documents or evidence relevant to this matter and is not currently aware of any documents or evidence relevant to this matter which have been inadvertently lost or destroyed.

**5. Disclosures:**

No disclosures have been made by either party as of this date. However, the parties have stipulated in their Rule 26 conference to exchange initial disclosures by February 26, 2010, or 5 days after entry of a protective order, whichever last occurs.

/ / /

/ / /

/ / /

/ / /

**6. Discovery:**

**Plaintiff's Statement:**

Heller has conducted no discovery. Heller anticipates serving document requests, interrogatories and requests for admission upon Brondell. No issues have been identified regarding electronically stored information.

**Defendant's Statement:**

No discovery has been taken. Defendant anticipates serving document requests, interrogatories and requests for admission on Plaintiff. No issues have been identified regarding electronically stored information.

Dated: February 18, 2010        ADLER LAW FIRM


                                 _____/s/_____
                                   Joel D. Adler

                                 Attorneys for Plaintiff
                                 HELLER EHRMAN LLP

Dated: February 18, 2010         BERGESON, LLP


                                 _____/s/_____
                                   Mark E. Foster

                                 Attorneys for Defendant
                                 BRONDELL INC.

- 5 -

Case: 09-03181   Doc# 40   Filed: 02/18/10   Entered: 02/18/10 16:54:45   Page 5 of 5